UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-_____

**JANE DOE,**

        **Plaintiff,**

v.

**FENIX INTERNET, LLC,
MICHELSON ROMELUS, and
BENDJY CHARLES,**

        **Defendants.**

_____

**FENIX INTERNET, LLC'S NOTICE OF REMOVAL**

**TO THE CLERK IN THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Fenix Internet, LLC ("Fenix"), pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, hereby removes the action entitled *Jane Doe v. Fenix Internet, LLC, et al.* (the "State Action") from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. As grounds for this removal, Defendant Fenix states as follows:[1]

**I.    THE REMOVAL IS TIMELY**

1. Plaintiff originally filed the State Action on October 19, 2022, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ("Broward Circuit Court").

---

[1] Fenix, and undersigned counsel acting on its behalf, specially appear for the limited purpose of filing this Notice and expressly reserve, and do not waive, any and all defenses, including, without limitation, the defenses of lack of personal jurisdiction and all other defenses otherwise available under the Federal Rules of Civil Procedure.

Plaintiff served Fenix with the summons and complaint on October 28, 2022.

2. This Notice of Removal is filed within thirty days of receipt of the Complaint and is therefore timely. 28 U.S.C. § 1446.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders provided to Fenix in the State Action are attached hereto as Exhibit A.

4. Defendant Fenix will serve this Notice on all other parties to the action and shall file a Notice of Filing of Removal with the Broward Circuit Court.

## II.   THE COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which Fenix hereby removes pursuant to the provisions of 28 U.S.C. § 1441(c), based on federal question jurisdiction.[2] Specifically, Plaintiff alleges one count against Fenix (Count I – Against Fenix) for violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595 ("TVPRA"), which is a claim created by, and arising under, the laws of the United States. 28 U.S.C. § 1331. Count I is asserted only against Fenix and is not asserted against the other named Defendants.

6. The Complaint alleges in Count I that Fenix participated in a venture together with the other named Defendants by which Plaintiff was forced to engage in commercial sex acts, in violation of the TVPRA. Compl. ¶¶ 25-28. Although Fenix denies the allegations, the Complaint asserts a federal question, satisfying the jurisdictional requirement of 28 U.S.C. § 1331.

7. Plaintiff has also asserted four state law claims in Counts II–V. These state law claims are not asserted against Fenix and instead are asserted against the two other named

---

[2] Fenix also removes this action pursuant to 28 U.S.C. § 1441(a), in the alternative.

Defendants, Charles and Romelus. The claims are: Count II – Battery Against Bendjy Charles; Count III – Intentional Infliction Of Emotional Distress Against Bendjy Charles; Count IV – Battery Against Michelson Romelus; Count V – Intentional Infliction Of Emotional Distress Against Michelson Romelus.

8. Pursuant to 28 U.S.C. § 1441(c)(1), where an action includes a "claim arising under the . . . laws . . . of the United States" and also "a claim not within the original or supplemental jurisdiction of the district court," "the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

9. Because the TVPRA claim against Fenix would be removable without the inclusion of the state law claims against Defendants Charles and Romelus, "the entire action" is properly removable under 28 U.S.C. § 1441(c)(1).

### III. DEFENDANTS CHARLES AND ROMELUS NEED NOT CONSENT TO REMOVAL, AND THE CLAIMS AGAINST THEM SHOULD BE SEVERED AND REMANDED

10. Pursuant to 28 U.S.C. § 1441(c)(2), "[o]nly defendants against whom a [federal questions claim] has been asserted are required to join in or consent to the removal under [28 U.S.C. § 1441(c)(1)]."

11. Here, because Fenix is the only Defendant against whom a federal questions claim has been asserted, no other Defendants need consent to the removal. *See, e.g.*, *Beautyman v. LILYANDMAJOR, LLC*, 2020 WL 9075910, at *3 (S.D. Fla. Dec. 29, 2020) ("Here, Citibank is the only Defendant against whom claims described in paragraph 1(A) have been asserted. . . . Therefore, no other Defendant was required to join in or consent to Citibank's removal of this action, and accordingly, remand is not warranted based upon their lack of consent."); *Bank of America, N.A. v. Zaskey*, 2016 WL 285156, at *3 (S.D. Fla. Jan. 25, 2016) ("[I]n the situation where federal claims are filed against a subset of defendants, consent [to

3

removal] is only necessary from the defendants that face federal claims," and "the Court need not analyze the consent of any other parties in this case."); *see also Fed. Nat. Mortg. Ass'n v. Morris*, 118 F. Supp. 3d 1288, 1293 (N.D. Ala. July 31, 2015) ("[R]emovals authorized under 1441(c) require joinder or consent only from defendants to federal-law claims.").

12. Pursuant to Section 1441(c)(2), "[u]pon removal of an action described in [28 U.S.C. § 1441(c)(1)], the district court shall sever from the action all claims . . . not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute . . . and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). Fenix intends to file a motion requesting that the Court sever and remand the state law claims against Defendants Charles and Romelus to the Broward Circuit Court. Severance and remand are warranted here because the state law claims for battery and infliction of emotional distress alleged against Defendants Charles and Romelus, which arise from their alleged non-consensual sex act with Plaintiff, are distinct from the federal question claim under the TVPRA against Fenix, which arises from Fenix's operation of a streaming video platform that Defendants allegedly used to upload edited video footage at a later date. *See, e.g.*, *Mercado v. Cong. Auto Parts Co.*, No. 18-cv-80325, 2018 WL 3353059, at *2 (S.D. Fla. June 13, 2018) (finding that plaintiff's claims for infliction of emotional distress, which arose from harassment suffered during plaintiff's employment, did not arise from a common nucleus of operative fact as his claim for tortious interference with employment relationship, which arose from alleged interference with his next employer, which occurred three months later). Even if the federal and state law claims arose from a common nucleus of operative facts (they do not), the Court should decline to exercise supplemental jurisdiction over the state claims because, among other reasons, the state law claims substantially predominate over the TVPRA claim. *See,*

*e.g.*, *Longino v. Martinez*, No. 22-cv-22010, 2022 WL 3279539, at *5 (S.D. Fla. Aug. 11, 2022) (declining to exercise supplemental jurisdiction over state-law claim where the "claim under Florida state law 'constitutes the real body of the case,'" and "it predominates the federal claims").

13. The Court should sever and remand the state law claims against Defendants Charles and Romelus.

## IV. VENUE IS PROPER IN THIS COURT

14. This Court is the proper federal court for removal because the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida is located within the district of the United States District Court for the Southern District of Florida. 28 U.S.C. § 1441(a).

## V. CONCLUSION

15. Pursuant to the above, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, because Fenix has satisfied the procedural requirements for removal, and this Court has original subject matter jurisdiction over this action pursuant to U.S.C. § 1331 and 18 U.S.C. § 1591 et seq.

16. Accordingly, Defendant Fenix requests that the above-captioned action be removed to this Court for determination of all issues, trial, and judgment.

DATED: November 18, 2022   Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By  */s/ John F. O'Sullivan*
John F. O'Sullivan (Fla. Bar No. 143154)
Jason D. Sternberg (Fla. Bar No. 72887)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
johnosullivan@quinnemanuel.com
jasonsternberg@quinnemanuel.com
Secondary: olgagarcia@quinnemanuel.com
(305) 439-5008

*Attorneys for Defendant Fenix Internet LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served as noted below, on this 18th day of November, 2022, to:

SERVED VIA E-MAIL
Todd R. Falzone, Esq.
Fla. Bar No. 0975184
KELLY / UUSTAL
500 North Federal Highway
Suite 200
Ft. Lauderdale, FL  33601
Telephone:  (954) 522-6601
Facsimile:  (954) 522-6608
trf@kulaw.com

*Attorneys Plaintiff Jane Doe*

SERVED VIA U.S. MAIL FIRST CLASS
Michelson Romelus
999 N.E. 167th Street
North Miami Beach, FL  33162

*Defendant*

6

<u>AND VIA EMAIL TO</u>
Gabriella Espaillat
Miami Dade Public Defender's Office
1320 N.W. 14th Street
Miami, FL 33125
(305) 545-1600
gespaillat@pdmiami.com

*Criminal Counsel for Defendant Michelson Romelus*

<u>SERVED VIA U.S. MAIL FIRST CLASS</u>
Bendjy Charles
15455 N.E. 6th Avenue, #308
Miami, FL 33162

*Defendant*

<u>AND VIA EMAIL TO</u>
Sabino Jauregui
Jauregui Law, P.A.
1014 W. 49th Street
Hialeah, FL 33012
(305) 822-2901
sabino@jaureguilaw.com

*Criminal Counsel to Defendant Bendjy Charles*

By: /s/ *John F. O'Sullivan*
John F. O'Sullivan
Florida Bar No. 143154
johnosullivan@quinnemanuel.com