UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62176-ALTMAN/Hunt

JANE DOE,
                Plaintiff,

v.

FENIX INTERNET, LLC,
MICHELSON ROMELUS, and
BENDJY CHARLES,
                Defendants.

_____

**DEFENDANT FENIX INTERNET, LLC'S *UNOPPOSED*
MOTION TO STAY PURSUANT TO 18 U.S.C. § 1595(B)(1)**

Defendant Fenix Internet, LLC ("Fenix Internet") hereby files this *unopposed* motion to stay this civil action pursuant to 18 U.S.C. Section 1595(b)(1) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which provides that "[a]ny civil action filed under" Section 1595(a) of the TVPRA—like the instant case—"shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." *Id.*

**BACKGROUND**

Before the filing of this civil lawsuit, Defendants Michelson Romelus and Bendjy Charles (together, the "Accused Individuals") were each charged with three felony counts of sexual battery of Plaintiff Jane Doe (the "alleged Criminal Incident"), as well as one misdemeanor count of selling or distributing obscene materials arising from their alleged creation and online dissemination of video footage of the alleged Criminal Incident.  These criminal proceedings are pending in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida on or about July 27, 2022 (the "Criminal Proceedings").  *See* ("Ex. A") (Criminal Case Dockets for Michelson Romelus and Bendjy Charles).  Trial is currently set for June 5, 2023.  *See id.*

On October 19, 2022, Plaintiff filed this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.[1] Plaintiff asserts one federal claim against Fenix Internet under the TVPRA, 18 U.S.C. §§ 1591 and 1595, and four state-law claims against the Accused Individuals for battery and intentional infliction of emotional distress.

## ARGUMENT

The TVPRA provides that any civil action "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." 18 U.S.C. § 1595(b)(1). A stay under Section 1595 applies to all defendants and all claims in the matter, regardless of whether the civil defendant is a defendant in the pending criminal proceeding. *See Sharma v. Balwinder*, No. 21-cv-00480, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) ("The [TVPRA] does not limit the stay to particular defendants or claims."); *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012) (same).[2] A stay under Section 1595(b) must be imposed where there is: (1) a pending or ongoing criminal investigation or prosecution; (2) arising out of the same occurrence as the civil case; (3) that has not been concluded prior to the filing of a suit in a trial court or that has not proceeded through final adjudication in a trial court. *See Plaintiff A v. Schair,* No. 11-cv-00145 (ECF No. 11), at 5 (N.D. Ga. Aug. 17, 2011).

Here, each requirement is satisfied. First, there are pending and ongoing criminal prosecutions against the Accused Individuals. Second, these criminal prosecutions arise out of the same occurrences as the civil case against Fenix Internet; that is, the Accused Individuals each face

---

[1] Fenix Internet reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction and all other defenses otherwise available under the Federal Rules of Civil Procedure.

[2] The TVPRA's legislative history indicates that "the mandatory stay provision was added to § 1595 to," *inter alia,* "alleviate the U.S. Department of Justice's concern that civil suits could hinder a domestic prosecutor's ability to try criminal cases 'unfettered by the complications of civil discovery.'" *Plaintiff A v. Schair*, 744 F.3d 1247, 1254–55 (11th Cir. 2014).

2

charges in the Criminal Proceedings arising out of their creation and distribution of video footage of the alleged Criminal Incident and here, Plaintiff seeks to impose liability against Fenix Internet under the TVPRA because the video was allegedly posted to, and distributed via, OnlyFans.com. Third, the Criminal Proceedings have not reached final adjudication in the state trial court.[3]

Wherefore, Fenix Internet requests that the Court grant this *unopposed* motion to stay this civil action.[4] A proposed order is attached as Ex. B.

## COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that I conferred with counsel for the Plaintiff who has confirmed that he ***does not oppose*** the relief sought in this motion based on the understanding that (1) Plaintiff shall preserve any right she may have to file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a) after the stay is lifted, and (2) Fenix International Limited will agree to preserve information on its platform concerning the alleged video and the Accused Individuals. I also certify that I conferred with counsel for Defendant Bendjy Charles, who also does not oppose the relief sought in this motion.

Finally, I certify that I attempted to confer with Defendant Michelson Romelus, on whose behalf no lawyer has appeared in this case. In particular, I e-mailed, text messaged, and left a telephone message for his public defender (who has previously stated that she does not represent Mr. Romelus in this matter) in an effort to determine whether the public defender could either

---

[3] For purposes of the mandatory stay provision, a criminal action "is pending until final adjudication in the trial court." 18 U.S.C. §1595(b)(2). While Section 1595(b) does not define the term "final adjudication," courts have interpreted it to mean the entry of judgment in a criminal matter, which occurs when a criminal defendant is sentenced. *Sharma*, 2021 WL 4865281, at *2 (holding that "the TVPRA mandates a stay" of a civil action pending resolution of the criminal proceedings)

[4] Though this motion concerns only Section 1595(b)(1), Fenix Internet reserves its right to seek a stay of discovery in connection with its anticipated dispositive jurisdictional and merits defenses, which will be raised at the appropriate time via motion to dismiss.

speak to her client about this motion or provide Mr. Romelus's contact information, but the public defender did not respond to my attempted contacts.  Further, I attempted to call two phone numbers that my office had reason to believe might belong to Mr. Romelus.  One phone number was not active and I was unable to reach Mr. Romelus at the other phone number (I left a voicemail).

DATED:  January 20, 2023                    Respectfully submitted,

                    QUINN EMANUEL URQUHART & SULLIVAN LLP

By  */s/ Jason D. Sternberg*
    John F. O'Sullivan (Fla. Bar No. 143154)
    Jason D. Sternberg (Fla. Bar No. 72887)
    2601 South Bayshore Drive, 15th Floor
    Miami, FL 33133
    johnosullivan@quinnemanuel.com
    jasonsternberg@quinnemanuel.com
    Secondary:  olgagarcia@quinnemanuel.com
    (305) 439-5008

*Attorneys for Defendant Fenix Internet, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of January, 2023, a true and correct copy of the foregoing document was electronically transmitted to all counsel of record via the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served as noted below, on this 20th day of January, 2023, to:

SERVED VIA E-MAIL
Todd R. Falzone, Esq.
Fla. Bar No. 0975184
KELLY / UUSTAL
500 North Federal Highway
Suite 200
Ft. Lauderdale, FL  33601
Telephone:  (954) 522-6601
Facsimile:  (954) 522-6608
trf@kulaw.com

*Attorneys Plaintiff Jane Doe*

SERVED VIA U.S. MAIL FIRST CLASS
Michelson Romelus
999 N.E. 167th Street
North Miami Beach, FL  33162

*Defendant Michelson Romelus*

AND VIA EMAIL TO
Menachem Mendel Mayberg
Seltzer Mayberg, LLC
10750 N.W. 6th  Court
Miami, FL  33168
(305) 444-1565
menachem@smfirm.com
Kassandra@smfirm.com

*Counsel to Defendant Bendjy Charles*

                                              By:  */s/ Jason D. Sternberg*
                                                 Jason D. Sternberg
                                                 Florida Bar No. 72887
                                                 jasonsternberg@quinnemanuel.com