UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-cv-62176-RKA

JANE DOE,

       Plaintiff,

v.

FENIX INTERNATIONAL LIMITED,
MICHELSON ROMELUS, and
BENDJY CHARLES,

       Defendants.
_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE, hereby sues Defendant BENDJY CHARLES, Defendant MICHELSON ROMELUS, and Defendant FENIX INTERNATIONAL LIMITED, ("FIL") and alleges as follows:

### JURISDICTION, PARTIES, & VENUE

1. This is a personal injury action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

2. Plaintiff, Jane Doe, resides in Broward County, Florida, is over the age of 18 and is otherwise *sui juris*.

3. At all material times, Defendant Bendjy Charles lived in Miami-Dade County, Florida, is over the age of 18 and is otherwise *sui juris*.

4. At all material times, Defendant Michelson Romelus lived in Miami-Dade County, Florida, is over the age of 18 and is otherwise *sui juris*.

5. On or about April 29, 2022, Defendant Bendjy Charles and Defendant Michelson Romelus raped Plaintiff.

6. Defendant FIL is a corporation that was formed and is based in the United Kingdom.

7. Defendant FIL is subject to the long-arm jurisdiction of this Court because: (a) FIL engaged in a continuous profit-sharing business venture with Florida content providers registered on its website; (b) FIL accepts and receives substantial revenue from Florida residents; (c) FIL committed a tortious act within Florida by financially benefiting from the sale of Plaintiff's rape video and by its other misconduct alleged herein; (d) Plaintiff's rape video on FIL's website was available for download and sale in Florida; (e) FIL has caused severe injury to Plaintiff in Florida while FIL was engaged in advertising and soliciting Florida subscribers and content providers for its website; (f) FIL's ongoing profit-sharing business venture with Florida content providers and subscribers constituted substantial and not isolated activity in Florida; (g) FIL has purposefully availed itself of the privilege of doing business in Florida through its continuous activities and business venture in this state; and (h) FIL has sufficient contacts with its Florida content providers and subscribers to anticipate being hailed into a Florida court to account for its actions.

8. At this time, given the nature of the facts which are the subject of this case, Plaintiff will publicly be referred to as ("Jane Doe").

## GENERAL ALLEGATIONS

9. Defendant FIL owns and operates OnlyFans.com ("OnlyFans"), a website that allows users to pay for pornographic content uploaded by individual content creators and engages in profit sharing with content creators.

10. Defendant Michelson Romelus is a verified OnlyFans content creator and internet personality who uploads pornographic content for sale under the username "@michelsonro" on OnlyFans.

11. Defendant FIL, at all relevant times hereto, required all content creators, including

Defendant Michelson Romelus, to upload personal identification in order to create an account, including: the content creator's address; a copy of the content creator's passport, driver's license, or other state-issued identification; links to other social media accounts, including Instagram, Twitter, and a third social media account chosen by the content creator; and engage with a facial recognition software to verify the identity of the content creator. In addition, the content creator must sign a verification confirming his/her age and identity.

12. On or about April 29, 2022, Defendant Bendjy Charles, portraying himself as the alias "Jean", and Plaintiff met on a dating app and decided to meet in person. Defendant Bendjy Charles and Defendant Michelson Romelus picked up Plaintiff at her home and then went to Defendant Bendjy Charles' apartment and consumed alcoholic beverages.

13. At some point during the evening, Defendant Michelson Romelus began to touch Plaintiff and refused to stop even when Plaintiff tried to push him off of her. During this time, Defendant Bendjy Charles entered the room and attempted to rape Plaintiff from behind. Plaintiff told both Defendants to stop and Defendant Michelson Romelus then slapped Plaintiff.

14. Defendants filmed each other on video while they forcibly raped and sodomized Plaintiff.

15. Plaintiff tried to put her clothes back on and leave when Defendant Michelson Romelus followed her into the living room and again forcibly raped and sodomized the Plaintiff while continuing to film. Defendant Bendjy Charles watched and then also began to forcibly rape and sodomize the Plaintiff again.

16. Defendants Bendjy Charles and Michelson Romelus then dropped Plaintiff off at her friend's warehouse and her friend then took her home. On the ride home, Plaintiff became inconsolable, and her friend called the police out of fear that she would be a danger to herself

due to her distress.

17. On or about May 2, 2022, Plaintiff checked herself into Memorial Hospital Psychiatric Ward. Thereafter Plaintiff checked herself into rehab and group therapy facility where she stayed for 6 weeks.

18. Defendant Michelson Romelus subsequently edited and uploaded the video footage of Plaintiff's rape (hereinafter "the video") to OnlyFans and began to sell the footage on OnlyFans as a part of a monthly subscription package. The video depicts an edited compilation of Defendant Bendjy Charles and Defendant Michelson Romelus raping Plaintiff in several areas of the apartment while Plaintiff cries and screams.

19. Defendant Michelson Romelus and Defendant FIL jointly sold subscriptions to Defendant Michelson Romelus' content on OnlyFans, including the video, to the general public. Defendant Michelson Romelus and Defendant FIL granted any and all persons to whom a subscription was sold unfettered access to the video.

20. Defendant FIL profited from the sale of the video, taking approximately twenty percent of the subscription fee from Defendant Michelson Romelus' OnlyFans account and further contributed to the illegal commercial venture by failing to enact or enforce any safeguards to remove trafficked material from its website.

21. For example, Defendant FIL provides content creators with a release form ("third-party release form") and states as follows: "If your content contains someone other than you, you will need to provide a copy of their photo ID and release documents before the content can be posted. Submitted documents must be a high quality photo or a scanned copy, signed by the additional participant for the account holder." Defendant FIL did not require that content creators upload a third party release form at any time, including when the account is created or

4

when the content creator uploads a video. As such, Plaintiff did not sign a third-party release form, nor was any third-party release form was provided on behalf of Plaintiff to Defendant FIL. Furthermore, Defendant FIL took no actions to verify or enforce compliance with policies regarding third-party release forms or preventing upload or removing trafficked material from its website, including failing to verify the age, identity, or consent of Plaintiff.

## COUNT I
### Benefitting from a Sex Trafficking Venture in Violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591 and 1595 against FIL

22. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 21 above as though fully alleged herein and further allege:

23. The Trafficking Victims Protection Act was originally passed by Congress in 2000 to comprehensively penalize the full range of human trafficking offenses, including offenses where "means of force, threats of force, fraud, coercion … or any combination of such means [were] used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2)

24. In 2003, Congress authorized the Trafficking Victims Protection Reauthorization Act ("TVPRA") which created a civil cause of action codified in 18 U.S.C. § 1595(a) for trafficking victims to pursue civil claims against perpetrators of trafficking or those who knowingly benefit financially from trafficking.

25. 18 U.S.C. § 1591 provides for a civil action against the "perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)" for violations of, *inter alia*, 18 U.S.C. §§ 1595 and 1593(A).

26. In 2018, the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 (FOSTA) was passed which removed immunity for civil claims under Section 230 of the

5

Communications Decency Act of 1996 (CDA) for websites that knowingly assist, support, or facilitate third-party advertising activities that violate federal sex trafficking law, including 18 U.S.C. § § 1591, 1595. The website need not have actual knowledge of the sex trafficking at issue, as long as the provider has constructive knowledge of the trafficking. 18 U.S.C.A. §§ 1591, 1595; Communications Act of 1934 § 230, 47 U.S.C.A. §§ 230, 230(e)(5)(A).

27. 18 U.S.C. § 1591(3) defines a commercial sex act as any sex act, on account of which anything of value is given to or received by any person.

28. Defendants Bendjy Charles and Michelson Romelus violated 18 U.S.C. § 1591, 1595 by causing Plaintiff to engage in a commercial sex act by forcibly raping and sodomizing her after slapping and restraining her to force and coerce Plaintiff into the act pursuant to 18 U.S.C. § 1591(2)(A) and then publishing the video footage on OnlyFans for a commercial profit.

29. Defendant FIL violated 18 U.S.C. § 1595(a) by knowingly benefitting from profit- sharing in a commercial venture by anonymizing web traffic and utilizing a paywall to make it easier for individuals to sell illegal pornographic material.

30. FIL participated in this venture by knowingly facilitating an environment for illegal content publishing, such as the video of Plaintiff's rape, and engaging in profit-sharing with Defendant Michelson Romelus by aiding in the sale of the video and verifying Defendant Michelson Romelus' OnlyFans account to aid in the distribution of the material.

31. FIL had constructive knowledge that its website OnlyFans affords individuals the opportunity to post and profit from illegal pornographic and trafficked content and does not take reasonable measures to prevent these occurrences. 18 U.S.C.A. §§ 1591, 1595; 47 U.S.C.A. §§ 230, 230(e)(5)(A). FIL profits from illegal activities through their fee-based subscription services, selling advertisements, and by monetizing user data.

32.     Defendant FIL augmented the content of Defendant Michelson Romelus' OnlyFans webpage by requiring all content creators, including Defendant Michelson Romelus, to upload a biography, avatar photo, and cover photo to his/her profile. Additionally, Defendant FIL placed a check mark next to content creators' names and profiles to represent that those content creators identities have been verified by Defendant FIL.

33.     Defendant FIL also required all content creators, including Defendant Michelson Romelus, to provide Defendant FIL with a hyperlink to the content creators' Instagram profile, Twitter profile, and a third social media profile of the content creators' choice.

34.     Defendant Michelson Romelus provided Defendant FIL with the aforementioned hyperlinks to his other social media platforms and his TikTok account, on which his content focused on the exploitation of women, including captions such as: "exposing drunk girls," "exposing stupid college students," "exposing freaky girls" and "she wants me." Therefore, Defendant FIL was on notice of Defendant Michelson Romelus' prior acts, conduct, and intention to exploit women, including Plaintiff.

35.     Moreover, FIL advertised the profiles and/or webpages of its content creators, including Defendant Michelson Romelus, by creating content and webpage posts which linked viewers to the content creators' profile and videos, as well as added new captions, new video and content summaries, new animations, and/or new video thumbnails.

36.     FIL benefitted from the sale of the Plaintiff's rape video by receiving twenty percent of the sale proceeds and continuing to benefit from occurrences with those similarly situated and encouraging the creation of such content by not putting forth any safeguards to prevent this content from being sold on their website in violation of 18 U.S.C.A. §§ 1591, 1595.

WHEREFORE, Plaintiff Jane Doe demands judgment against Defendant FIL, Defendant

Bendjy Charles, and Defendant Michelson Romelus for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, which they pray for in addition thereto.

## COUNT II
### Battery Against Bendjy Charles

37. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 21 of this Complaint as though fully alleged herein and further allege:

38. On or about April 29, 2022, Defendant Bendjy Charles committed an intentional and un-permitted sexual contact on Plaintiff Jane Doe in that Defendant Bendjy Charles intentionally, knowingly, willfully, and maliciously touched, fondled, raped and otherwise sexually assaulted the aforesaid Jane Doe's person, without her permission, consent and/or authorization.

39. As a direct, proximate and foreseeable result of the aforementioned unpermitted contact by Defendant Bendjy Charles, Plaintiff suffered severe psychological and/or emotional distress, physical injury, fright, fear, shock, pain, suffering, trauma, humiliation and was thereby rendered sick, sore, lame, and otherwise disabled or, in the alternative, the foregoing injuries thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, Plaintiff Jane Doe has suffered injuries resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and inconvenience all of which conditions are permanent and continuing in nature.

40. As a further direct and proximate result of the above-mentioned unpermitted contact, Plaintiff Jane Doe has in the past undergone and will in the future undergo painful and extensive medical care and treatment, and has in the past incurred, and will in the future incur, medical bills and expenses attendant to the injuries, as aforesaid.

WHEREFORE, Plaintiff Jane Doe demands judgment against Defendant Bendjy Charles for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, which they pray for in addition thereto.

## COUNT III
### Intentional Infliction of Emotional Distress Against Bendjy Charles

41. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 21 of this Complaint as though fully alleged herein and further allege:

42. On or about April 29, 2022, Defendant Bendjy Charles committed intentional and un-permitted sexual contact on Plaintiff Jane Doe in that Defendant Bendjy Charles intentionally, knowingly, willfully, and maliciously touched, fondled, raped and otherwise sexually assaulted the aforesaid Jane Doe's person, without her permission, consent and/or authorization.

43. The aforementioned conduct by Defendant Bendjy Charles toward the person and body of Plaintiff Jane Doe was extreme and outrageous and was done with total and utter disregard for the rights, safety and well-being of the person and body of Plaintiff Jane Doe so as to be beyond all bounds of decency.

44. Defendant Bendjy Charles knowingly, maliciously, wrongfully, intentionally and without justification, did interfere with Plaintiff, Jane Doe's life, safety, well-being, in a manner regarded as outrageous and intolerable in a civilized community, and was shocking, and atrocious.

45. As a direct, proximate and foreseeable result of Defendant Bendjy Charles willful and wanton conduct, Plaintiff Jane Doe suffered severe psychological and/or emotional distress, physical injury, fright, fear, shock, pain, suffering, trauma, humiliation and was thereby rendered sick, sore, lame, and otherwise disabled or, in the alternative, the foregoing injuries

9

thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, Plaintiff Jane Doe has suffered injuries resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and inconvenience all of which conditions are permanent and continuing in nature.

46. As a further direct and/or proximate result of the aforementioned willful and wanton conduct and/or actions of Defendant Bendjy Charles, Plaintiff Jane Doe has in the past undergone and will in the future undergo painful and extensive medical care and treatment, and has in the past incurred, and will in the future incur, medical bills and expenses attendant to the injuries, as aforesaid.

WHEREFORE, Plaintiff Jane Doe demands judgment against Defendant Bendjy Charles for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, which they pray for in addition thereto.

## COUNT IV
**Battery Against Michelson Romelus**

47. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 21 of this Complaint as though fully alleged herein and further allege:

48. On or about April 29, 2022, Defendant Michelson Romelus committed an intentional and un-permitted sexual contact on Plaintiff Jane Doe in that Defendant Michelson Romelus intentionally, knowingly, willfully, and maliciously touched, fondled, raped and otherwise sexually assaulted the aforesaid Jane Doe's person, without her permission, consent and/or authorization.

49. As a direct, proximate and foreseeable result of the aforementioned unpermitted contact by Defendant Michelson Romelus, Plaintiff suffered severe psychological and/or emotional distress, physical injury, fright, fear, shock, pain, suffering, trauma, humiliation and

was thereby rendered sick, sore, lame, and otherwise disabled or, in the alternative, the foregoing injuries thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, Plaintiff Jane Doe has suffered injuries resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and inconvenience all of which conditions are permanent and continuing in nature.

50. As a further direct and proximate result of the above-mentioned unpermitted contact, Plaintiff Jane Doe has in the past undergone and will in the future undergo painful and extensive medical care and treatment, and has in the past incurred, and will in the future incur, medical bills and expenses attendant to the injuries, as aforesaid.

WHEREFORE, Plaintiff Jane Doe demands judgment against Defendant Michelson Romelus for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, which they pray for in addition thereto.

## COUNT V
### Intentional Infliction of Emotional Distress Against Michelson Romelus

51. Plaintiff re-alleges and reaffirms each allegation contained in Paragraphs 1 through 21 of this Complaint as though fully alleged herein and further allege:

52. On or about April 29, 2022, Defendant Michelson Romelus committed intentional and un-permitted sexual contact on Plaintiff Jane Doe in that Defendant Michelson Romelus intentionally, knowingly, willfully, and maliciously touched, fondled, raped and otherwise sexually assaulted the aforesaid Jane Doe's person, without her permission, consent and/or authorization.

53. The aforementioned conduct by Defendant Michelson Romelus toward the person and body of Plaintiff Jane Doe was extreme and outrageous and was done with total and utter disregard for the rights, safety and well-being of the person and body of Plaintiff Jane Doe

so as to be beyond all bounds of decency.

54. Defendant Michelson Romelus knowingly, maliciously, wrongfully, intentionally and without justification, did interfere with Plaintiff, Jane Doe's life, safety, well-being, in a manner regarded as outrageous and intolerable in a civilized community, and was shocking, and atrocious.

55. As a direct, proximate and foreseeable result of Defendant Michelson Romelus' willful and wanton conduct, Plaintiff Jane Doe suffered severe psychological and/or emotional distress, physical injury, fright, fear, shock, pain, suffering, trauma, humiliation and was thereby rendered sick, sore, lame, and otherwise disabled or, in the alternative, the foregoing injuries thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, Plaintiff Jane Doe has suffered injuries resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and inconvenience all of which conditions are permanent and continuing in nature.

56. As a further direct and/or proximate result of the aforementioned willful and wanton conduct and/or actions of Defendant Michelson Romelus, Plaintiff Jane Doe has in the past undergone and will in the future undergo painful and extensive medical care and treatment, and has in the past incurred, and will in the future incur, medical bills and expenses attendant to the injuries, as aforesaid.

WHEREFORE, Plaintiff Jane Doe demands judgment against Defendant Michelson Romelus for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs, which they pray for in addition thereto.

## DEMAND FOR JURY TRIAL

Plaintiffs JANE DOE hereby demands a trial by jury of all issues triable as a matter of right.

Dated:   July 19, 2024

Respectfully Submitted,

Kelley | Uustal
Attorneys for Plaintiff
500 North Federal Highway
Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile:  (954) 522-6608
trf@kulaw.com
jsn@kulaw.com

By: */s/ Todd R. Falzone*
    TODD R. FALZONE
    Florida Bar No.: 0975184
    JOSHUA S. NOVAK
    Florida Bar No. 1021412

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Todd R. Falzone*
TODD R. FALZONE
Florida Bar No. 0975184
JOSHUA S. NOVAK
Florida Bar No. 1021412