UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-62176-ALTMAN/HUNT

JANE DOE,

    Plaintiff,

v.

FENIX INTERNATIONAL LIMITED,
MICHELSON ROMELUS, and
BENDJY CHARLES,

    Defendants.
_____/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS TO DEFENDANT FENIX INTERNATIONAL LIMITED'S MOTION TO DISMISS**

Plaintiff, Jane Doe (hereinafter "Plaintiff"), hereby files and submits her Objections to the Magistrate Judge's Report and Recommendation [ECF No. 73] as to Defendant Fenix International Limited's (hereinafter "Fenix") Motion to Dismiss [ECF No. 65]. In support thereof, Plaintiff states as follows:

**A.**    **INTRODUCTION**

On July 19, 2024, Plaintiff filed her Second Amended Complaint in this action against the above-named defendants. [ECF No. 63].[1] On August 2, 2024, Fenix filed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and Motion to Sever and Remand State-

---

[1] Plaintiff's initial Complaint was filed on October 19, 2022, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. On November 18, 2022, Fenix removed the action to the United States District Court for the Southern District of Florida. This action was then stayed pursuant to 18 U.S.C. § 1595(b)(1) until the Court entered an Order lifting the stay on May 23, 2024. [ECF No. 35]. Thereafter, by agreement of the parties, Plaintiff filed her First Amended Complaint on June 21, 2024, to correct a misnomer as to the correct Fenix corporate entity. [ECF No. 52].

Law Claims (hereinafter "Motion to Dismiss"). [ECF No. 65]. The Motion to Dismiss, Plaintiff's Response in Opposition [ECF No. 68], and Fenix's Reply [ECF No. 71] were referred to the Magistrate Judge for a report and recommendation. [ECF No. 72]. On November 1, 2024, the Magistrate Judge filed a report and recommended that the Court grant the Motion to Dismiss. [ECF No. 73].

Plaintiff respectfully submits that the Magistrate Judge erroneously: 1) applied a heightened standard of review beyond the requirements of Fed. R. Civ. P. 8(a) and overlooked specific factual allegations in the Second Amended Complaint; 2) concluded Fenix did not function as an "information content provider," and is immunized from failing to enforce third-party safeguards; and 3) concluded Fenix did not have the requisite knowledge to be subject to liability and suit under the FOSTA exception to CDA Immunity.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), within fourteen (14) days of being served with a copy of the Report and Recommendation, Plaintiff "may serve and file specific written objections to the proposed findings and recommendations" of the Magistrate Judge. Accordingly, these objections are timely filed, and "a judge of the court shall make a de novo determination of those portions of the report . . . to which objections are made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

    **B.**    **ENUMERATION OF OBJECTIONS**

        **1. The Magistrate Judge erred in applying a heightened standard of review beyond the requirements of Fed. R. Civ. P. 8(a) and overlooking specific factual allegations in the Second Amended Complaint.**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, courts must accept the factual allegations in the complaint as true. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). Additionally, the court must construe all reasonable inferences in the light most favorable to the plaintiff. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1276. 1282-83 (11th Cir. 2007); *FindWhat Inv'r Grp. V. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Plaintiff respectfully submits that the Magistrate Judge erred in determining that the complaint failed to allege specific details and allegations regarding: 1) the content created by Fenix; 2) the content Fenix required Romelus to post; 3) how that content played a role in contributing or enhancing the illegality of Romelus' conduct; and 4) how Fenix aided in the sale of the video by anonymizing web traffic.

First, the Magistrate Judge determined that "Plaintiff does not allege what specific content was created by Fenix. Thus, the allegation merely contains 'naked assertions devoid of further factual enhancement.'" [ECF No. 72] at 10. However, the Second Amended Complaint alleges Fenix "advertised all the profiles and/or webpages of its content creators, including Defendant

3

Michelson Romelus [hereinafter "Romelus"], by creating content and webpage posts which linked views to the content creators' profile and videos, as well as added new captions, new video and content summaries, new animations, and/or new video thumbnails." [ECF No. 63] at ¶ 35. In response to these allegations, the Magistrate Judge determined that "Plaintiff has not alleged any specific summaries, animations, or thumbnails that Fenix are at issue here." Respectfully, this finding is in contradiction with the plain language of paragraphs 30 and 35, in which Plaintiff alleges Fenix *created posts* linking to Romelus' profile and videos, one of which was the video depicting Plaintiff's rape. Additionally, this conclusion overlooks the allegations that Fenix *advertised Romelus' profile* through those webpage posts linking viewers to the same. [ECF No. 63] at ¶¶ 30, 35. Accordingly, the Second Amended Complaint sufficiently pleads under Rule 8(a) that Fenix created content, including advertisements, webpage posts, captions, summaries, and animations. In addition, this finding, and others in the Report and Recommendation, seem to overlook the fact that the Plaintiff has been unable to take ANY discovery in this case to date and thus has not been able to obtain specific factual evidence beyond that which is alleged in the Complaint.

Second, the Magistrate Judge determined "Plaintiff does not allege that Fenix required Romelus or other content creators to post specific content." [ECF No. 72] at 12. However, the Second Amended Complaint specifically alleges Fenix "augmented the content of [] Romelus' OnlyFans webpage by requiring all content creators, including Defendant Michelson Romelus, to upload a biography, avatar photo, and cover photo to his/her profile." [ECF No. 63] at ¶ 32. Additionally, the Second Amended Complaint alleges Fenix "required all content creators, including [] Romelus, to provide [Fenix] with a hyperlink to the content creators' Instagram profile, Twitter profile, and a third social media profile of the content creators' choice." [ECF No.

4

63] at ¶ 33. The content that Fenix required Romelus to display, i.e., alternative social media accounts, promoted the exploitation of women on OnlyFans.com and Romelus' profile. [ECF No. 63] at ¶ 34. Therefore, the Second Amended Complaint sufficiently pleads under Rule 8(a) that Fenix required Romelus and other content creators to post specific content.

Third, the Magistrate Judge determined "Plaintiff has failed to include any allegations to show how any content that Fenix created or developed enhanced the illegality of the content provided by Romelus." [ECF No. 72] at 11. First, the Second Amended Complaint alleges Fenix verified "Romelus' OnlyFans account to aid in the distribution of the material . . . [by] plac[ing] a check mark next to content creators' names and profiles to represent that those content creators had been verified by [Fenix]." [ECF No. 63] at ¶¶ 30, 32. In other words, construing all reasonable inferences in the light most favorable to Plaintiff, these paragraphs allege that Fenix added credibility to Romelus' profile and content by verifying and adding a check mark next on Romelus' account, thereby aiding in the sales and subscriptions to access Romelus' content.

Furthermore, the Second Amended Complaint alleges that Fenix advertised and promoted Romelus' profile and videos, including the video depicting Plaintiff's rape, through creating webpage posts and adding new captions, video and content summaries, new animations, and/or new video thumbnails. [ECF No. 63] at ¶ 35. Taken as a whole, the Second Amended Complaint alleges that Fenix contributed to the illegality of Romelus' conduct, i.e., knowingly receiving financial benefit from selling a video depicting Plaintiff's rape, by lending credibility to Romelus' profile through a verification process and promoting the video and profile through Fenix's own webpage posts and generated content. Thus, the Second Amended Complaint sufficiently pleads under Rule 8(a) that Fenix played a material role in contributing or enhancing the illegality of Romelus' conduct.

Finally, the Magistrate Judge determined that Plaintiff's allegations that Fenix "knowingly benefit[ed] from profit- sharing in a commercial venture by anonymizing web traffic and utilizing a paywall to make it easier for individuals to sell illegal pornographic material" were vague and "without factual enhancement or explanation." [ECF No. 72] at 13. Plaintiff respectfully submits that this finding is contrary to Rule 8(a). Under this rule, a Plaintiff is not required to plead every specific fact or allege with precision each element of a claim. *See Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Rather, this rule "requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*, at 684 (internal citations omitted). Nonetheless, the Magistrate Judge concluded that "Plaintiff's allegations regarding anonymity and a paywall do nothing to show how Fenix encouraged the *posting* of illegal content or otherwise materially contributed to the unlawfulness of the content posted by Romelus." [ECF No. 72] at 14 (emphasis added).

Preliminarily, the Magistrate Judge overlooks the allegation that Fenix encouraged the *posting* of the video by not requiring Romelus to upload a third-party release when the video was uploaded or any time thereafter. [ECF No. 63] at ¶ 21. By waiving this requirement, Fenix allowed, facilitated, and encouraged Romelus to upload a video depicting a rape and sex trafficking, for which he could not have obtained any third-party release from Plaintiff.

Notwithstanding those facts, the Second Amended Complaint alleges Fenix encouraged the *sale* of the video, not simply Romelus' *posting* of the same. [ECF No. 63] at ¶ 29. By anonymizing web traffic, Fenix protects the identities of those who purchase videos depicting rape and sex trafficking. As a result, sales of the video, and Fenix' share of those sales, are increased because purchasers feel safe, comfortable, and protected from the inquiry of any law enforcement

agency investigating those transactions. Therefore, the Second Amended Complaint sufficiently pleads under Rule 8(a) that Fenix knowingly benefited in the profit-sharing commercial venture by aiding the sale of the video through anonymizing web traffic and utilizing a paywall.

> **2. The Magistrate Judge erred in concluding that Fenix did not function as an "information content provider" and is immunized from its failure to enforce third-party safeguards.**

The Magistrate Judge concluded that Plaintiff failed to sufficiently plead that Fenix was an "information content provider." [ECF No. 72] at 15. The Communications Decency Act ("CDA") defines the term as a "person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any interactive computer service." 47 U.S.C. § 230(f)(3). As a preliminary matter, Plaintiff respectfully submits that, for all the reasons stated in Section B.1., *supra*, the Magistrate Judge erred in reading and evaluating the sufficiently of the Second Amended Complaint as to the content created and mandated by Fenix. Accepting all well-plead facts as true and construing all reasonable inferences in the light most favorable to Plaintiff, the Second Amended Complaint sufficiently alleges Fenix was responsible, in whole or in part, for information provided on OnlyFans.com and Romelus' profile.

Plaintiff next objects to the Magistrate Judge's finding that Fenix is not an information content provider because it also offered a neutral means by which third parties can post information, and neutral tools to create and publish content. [ECF No. 72] at 7, 8. In this case, Fenix did not employ a blanket and neutral means by which all content creators could post content. While the Report and Recommendation was correct in determining Fenix has a blanket policy requiring all content creators to upload third-party release forms, the Magistrate Judge overlooked the allegation that this policy was not neutrally implemented. Rather, the Second Amended Complaint alleges Fenix did not require Romelus to provide a third-party release form on behalf

7

of Plaintiff, and took no action to verify or enforce compliance with this blanket policy in respect to the video in question. [ECF No. 63] at ¶ 21.

Next, the Magistrate Judge, relying on *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *3 (11th Cir. June 12, 2023), concluded that Fenix's failure to enforce these third-party safeguards and consent forms is immunized under the CDA. [ECF No. 72] at 13. First, *McCall* is distinguishable from this case because it involved a defamation claim against Amazon for failing to remove a published, negative review of a product. *Id.*, at *1. In that decision, the court aligned Amazon's review structure to a message board, for which passive hosts like Amazon have no liability. *Id.*, at *2. In this case, however, Fenix employed a system by which it (Fenix) published videos submitted by content creators only after it (Fenix) has reviewed the videos and obtained copies of any third-party release forms. [ECF No. 63] at ¶ 21. Moreover, after Romelus submitted the video of Plaintiff's rape, Fenix ***reviewed and published*** the video without obtaining a third-party release form from Plaintiff. Id. Therefore, unlike Amazon's passive review system in *McCall*, Fenix acted as an active gatekeeper, prior to the publishing of any content.

Finally, the Magistrate Judge erred by distinguishing *Doe #1 v. MG Freesites*, LTD, 676 F. Supp. 3d 1136 (N.D. Ala. 2022), in favor of *McCall* and cases outside of the Eleventh Circuit. In *MG Freesites*, the court concluded that CDA immunity was defeated where the plaintiff alleged that Pornhub added its own content in the form of thumbnails, tags, categories, and keywords; edited advertisements; employed coded language to drive content to receptive users; provided specific instructions to content providers; and the like. *Id.* at 1162-63. The Second Amended Complaint contains analogous allegations -- and more. Among other things, it is alleged here that Fenix: (a) required Romelus to include social media hyperlinks in his profile, which in turn focused on sexually exploiting "drunk girls," "stupid college girls," "freaky girls," and so forth [ECF No.

8

63] at ¶¶ 33-34; (b) displayed a check mark next to Romelus' name showing that he was "verified" and creating the impression he should be trusted [ECF No. 63]at ¶¶ 30, 32; and (c) promoted the sale of the video in question by creating its own content and webpage posts, which linked viewers to Romelus' profile and videos and which added new captions, new video and content summaries, new animations and/or new video thumbnails [ECF No. 63] at ¶ 35. For all the reasons stated *supra* in sections B.1. and B.2. Plaintiff objects to the Magistrate Judge's conclusion that *MG Freesites* is distinguishable based on the specificity of the allegations and the materiality of Fenix's contribution to the sale of the video in question. [ECF No. 72] at 15.

> 3. **The Magistrate Judge erred in concluding that Fenix did not have the requisite knowledge to be subject to liability and suit under the FOSTA exception to CDA Immunity.**

The Magistrate Judge concluded that the Fight Online Sex Trafficking Act of 2017 ("FOSTA) exception to CDA immunity does not apply to Fenix in this case. [ECF No. 72] at 16. Plaintiff submits that the Magistrate Judge erred in making this determination. First, Plaintiff objects to the Magistrate Judge's conclusion that "for the FOSTA exception to immunity to apply, Plaintiff would need to demonstrate that the Defendant had the actual knowledge required by § 1591." [ECF No. 72] at 17. In support of her position, Plaintiff relies on all arguments, statutes, and caselaw referenced in section II.A. of Plaintiff's Response in Opposition to Fenix's Motion to Dismiss [ECF No. 68], including *MG Freesites*; *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 836 (C.D. Cal. 2021), *T.E. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-cv-3185, 2024 WL 474400, at *4 (S.D. Ohio Feb. 7, 2024), "); *J.G. v. Northbrook Indus., Inc.*, 619 F.Supp.3d 1228, 1234 (N.D. Ga. 2022); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); *Doe #1 v. Crowley Mar. Corp.*, No. 3:23-cv-383, 2024 WL 1346947, at *11-12 (M.D. Fla. Mar. 29, 2024); and *Doe v. Hotels*, No. 6:23-cv-1012, 2024 WL 2955728, at *5 (M.D. Fla. June 12, 2024).

Moreover, while the Magistrate Judge correctly identifies that other circuits have weighed in on the knowledge requirement, e.g. *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139-41 (9th Cir. 2022), the Eleventh Circuit has yet to rule on this issue. Accordingly, the Court should reject the magistrate Judge's determination that FOSTA does not require Fenix to have actual knowledge of the trafficking. FOSTA is to be <u>*liberally construed*</u> in order to "afford[] remedies to victims of sex trafficking that otherwise would not have been available." *See MG* Freesites, 676 F. Supp. 3d at 1157. Where, here, the Magistrate Judge and Plaintiff have reasonable but differing interpretations of the knowledge requirement, the Court should reject the more restrictive reading in favor of a broader statutory framework. *See e.g. Doe v. Twitter, Inc.*, 555 F.Supp.3d 889, 920 (N.D. Cal. 2021).

Finally, there are facts alleged in the complaint from which a jury could reasonably infer that Fenix did have *<u>actual</u>* knowledge of Romelus' intended misconduct -- not the least of which were Romelus' linked social media accounts in his OnlyFans.com profile which focused on sexual exploitation of "drunk girls," "stupid college students," "freaky girls," etc. [ECF No. 63] at ¶¶ 33-34. Moreover, the video uploaded to OnlyFans.com depicts Romelus and Charles slapping Plaintiff and prohibiting her from leaving after she struggles to push them off of her and asks them to stop raping and sodomizing her. [ECF No. 63] at ¶¶ 13-15. Therefore, Fenix was provided actual notice of Plaintiff's rape when it reviewed and published the video in question, and when it created webpage posts to promote its content creators, including Romelus' profile and/or the video with content summaries, thumbnails, and links to the same.

C. **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests the Court conduct an independent review of the issues raised by Defendant Fenix International Limited's Motion to

Dismiss, sustain Plaintiff's objections to the Magistrate Judge's Report and Recommendation, reject or modify the Report and Recommendation, and enter an Order denying the Motion to Dismiss in its entirety. Alternatively, Plaintiff requests an additional opportunity to amend her claims as part of the Third Amended Complaint to be filed in this action.

DATED this 15th day of November, 2024.

        **Respectfully Submitted,**

        **Kelley | Uustal**
        500 North Federal Highway, Suite 200
        Fort Lauderdale, Florida 33301
        Telephone: (954) 522-6601
        Facsimile: (954) 522-6608
        trf@kulaw.com

        By: */s/ Todd R. Falzone, Esq.*
            Todd R. Falzone Esq.
            Florida Bar No.: 0975184

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 15, 2024, a true and correct copy of the foregoing document has been furnished via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ Todd R. Falzone, Esq.*
Todd R. Falzone Esq.
Florida Bar No.: 0975184

**SERVICE LIST:**

John F. O'Sullivan, Esq.
Jason D. Sternberg, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Drive, 15th Floor
Miami, Florida 33133

Menachem Mayberg, Esq.
Seltzer Mayberg, LLC
10750 Northwest 6th Court, 2nd Floor
Miami, Florida 33168

Michelson Romelus
999 N.E. 167th Street
North Miami Beach, FL 33162