UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-62176-ALTMAN/HUNT

JANE DOE,

      Plaintiff,

v.

FENIX INTERNATIONAL LIMITED,
MICHELSON ROMELUS, and
BENDJY CHARLES,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff Jane Doe hereby moves pursuant to Federal Rule of Civil Procedure 15(a) to amend her current pleading.  In support, she has attached her proposed amended pleading pursuant to S.D. Fla. L.R. 15.1, and says:

1.     This amendment request has been triggered by Magistrate Judge Strauss' Report and Recommendations [DE 73] on Defendant Fenix's Motion to Dismiss.  Upon review of the Report and Recommendations, Plaintiff has determined that there are a number of additional good-faith allegations that can be added to cure the deficiencies outlined therein.

2.     There will be no prejudice to the parties from this amendment since this litigation is still in its early stages of discovery.  Although this case was originally filed in 2022, the case was stayed for nearly a year and a half pending disposition of the state-court criminal prosecution against the other two Defendants.  This will be a third amendment and should be permitted consistent with the liberal mandate of Rule 15(a)(2) providing that "[t]he court should freely give leave [to amend] when justice so requires." *See Elliott v. Williams*, No. 20-cv-81280, 2020 WL

12689592, at *2 (S.D. Fla. Oct. 5, 2020) (**Altman, D.J.**) (allowing arguably-late amendment and explaining that "allowing the Plaintiff to further refine her claim will, if anything, benefit all parties, including the Defendant" and that "[i]n assessing whether to grant leave under Rule 15(a), courts may deny a motion for leave to amend _only_ when there is a substantial reason to deny leave") (emphasis added); _see also Stringham v. 2921 Orlando Drive LLC_, No. 6:13-cv-1587, 2014 WL 2215769, at *3 (M.D. Fla. May 28, 2014) (allowing plaintiff to amend his second amended complaint because the prior versions of his pleading "were refiled for other reasons and were not tested by motions to dismiss").[1]

3.      The claims in this case are asserted against Fenix -- which owns and operates the onlyfans.com website -- and two of its Miami-based verified content creators, Defendants Michelson Romelus and Bendjy Charles ("Verified Creators").  The case arises from a video on the onlyfans website showing these Verified Creators' brutal and repeated rape of Plaintiff while she was crying, screaming, and unsuccessfully trying to escape.  Fenix received 20% of the profits from the sale of this rape video on its website.

4.      Tort claims have been asserted against the Verified Creators for their tortious acts against Plaintiff (Counts II-V).  The only substantive changes in the amendment relate to Fenix's liability under Count I.  That claim is brought under the "Civil Remedy" provision of the Trafficking Victim Protection Reauthorization Act ("TVPRA" or "TVPA") in 18 U.S.C. § 1595. As it relates to Fenix, that statute allows recovery against one who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture

---

[1]      _Cf. If Six Were Nine, LLC v. Lincoln Rd. III, LLC_, 242 So. 3d 1187, 1188 (Fla. 3d DCA 2018) (reversing dismissal with prejudice as abuse of discretion because plaintiff should have been given an opportunity to further amend its complaint where "defendants' motion to dismiss was the first time the sufficiency of the operative complaint had been tested").

which that person knew or should have known has engaged in an act in violation of this chapter
….” *Id.*

5.       Holding financial beneficiaries of sex trafficking civilly liable under this statute is
an emerging area of the law, and the Eleventh Circuit has not yet spoken on pivotal issues relating
to interpreting and applying this statutory scheme.[2]   But there are decisions both inside and outside
the Eleventh Circuit that are favorable to Plaintiff's pursuit of this claim against Fenix.  *See, e.g.*
*Doe #1 v. MG Freesites d/b/a Pornhub,* 676 F. Supp. 3d 1136, 1155-58  (N.D. Ala. 2022) (denying
motion to dismiss § 1595 claim against Pornhub owner arising from rape videos on its website;
chronicling cases supporting that FOSTA is remedial and must be liberally construed and that
requiring 'actual knowledge' for § 1595 claim would render the 'should have known' language in
§ 1595(a) meaningless; concluding that by augmenting content of its users Pornhub fell outside
any immunity protection); *see also Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828 (C.D. Cal.
2021) (denying motion to dismiss 1595 claim against owners of Pornhub and other websites arising
from rape videos on website); *see generally Byron v. Avant Healthcare Professionals, LLC*, No.
6:23-cv-1645, 2024 WL 2304490, at *13 (M.D. Fla. Apr. 10, 2024) (denying motion to dismiss
TVPA claim emphasizing that "the *TVPA inquiry is fact specific*" and thus typically survive
dismissal) (emphasis added).

6.       Count I is based on allegations that Fenix financially benefited from the sale of
Plaintiff's rape video on its website by receiving 20% of the sale proceeds; that Fenix regularly
profits from illegal activities on its website through its fee-based subscription services, selling
advertisements, and monetizing user data; that it encourages illegal activities on its site through

---

[2]       This case also implicates provisions of the Allow States to Fight Online Sex
Trafficking Act ("FOSTA"), which essentially exempts this type of claim from the immunity that
website owners routinely rely upon to avoid liability.  *See* 47 U.S.C. § 230(e)(5)(A).

anonymizing web traffic and utilizing a paywall; that it promoted the sale of the video and subscription to Defendant Romelus' profile; that it knew or should have known about the illegal activities on its website; and that it fails to put any safeguards in place to prevent such illegal activities on its website.

7.     As the attached proposed Third Amended Complaint shows, factual allegations are being added with respect to Fenix' requirement that its content creators complete and submit W-9 forms, bank account information and a signed verification confirming their age and identity, so that Fenix could use that information to verify the identities of all content creators, including Defendant Romelus, and its profit-sharing business venture with them.

8.     Also, more factual allegations added show that Fenix provides content creators with a release form policy that instructs content creators to provide a copy of a photo ID and release document for themselves, and also any other individuals appearing in the content, before the content will be posted.  To comply with the aforementioned policy, Fenix requires content creators to submit each and every video to Fenix for review, so it can verify compliance with its third-party release form policy, prior to the publishing of the video on the OnlyFans site.  Taking this into consideration, Fenix actively reviewed Romelus' video of Plaintiff's rape, yet still allowed it to be published, and promoted, on OnlyFans and sold to the general public as a party of an OnlyFans monthly subscription package.

9.     Such facts will further support Plaintiff's effort to defeat Fenix' immunity defense, will show how Fenix augments the content of creators on its website, and will further demonstrate how Fenix benefits from its financial partnership with content creators such as the two rapists in this case -- all of which bolsters Plaintiff's assertion of liability under the relevant statutory scheme.

10.     For these reasons, Plaintiff has established good cause for allowing the requested amendment and requests that that this Court allow the Third Amended Complaint to be filed consistent with the liberal mandate of Rule 15(a).

WHEREFORE Plaintiff requests that this Court grant this Motion and deem the Third Amended Complaint filed, and order Defendant Fenix to file a response thereto within 14 days from the date of the Order.

**CONFERRAL CERTIFICATE**
**PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)**

Counsel for Plaintiff has conferred with counsel for Defendant Fenix in a good faith effort to resolve the issues raised herein between November 14, 2024 through November 15, 2024, whereby Plaintiff sent to Defendant Fenix a copy of the instant Motion with the proposed Plaintiff's Third Amended Complaint for review by email on November 14, 2024, and inquired by email on November 14, 2024, and via telephone on November 15, 2024, whether Defendant Fenix would be amenable to resolving any potential issues concerning the same.

Dated:  November 15, 2024

**Respectfully Submitted,**

**Kelley | Uustal**
Attorneys for Plaintiff
500 North Federal Highway
Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile:  (954) 522-6608
trf@kulaw.com
jsn@kulaw.com

By: */s/ Todd R. Falzone*
        TODD R. FALZONE
        Florida Bar No.: 0975184
        JOSHUA S. NOVAK
        Florida Bar No. 1021412

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to

all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Todd R. Falzone*
TODD R. FALZONE
Florida Bar No. 0975184
JOSHUA S. NOVAK
Florida Bar No. 1021412